Roger A. Black v. Commissioner. Robert B. Black v. Commissioner.
Black v. Commissioner
Docket Nos. 6191, 6192.
United States Tax Court
1945 Tax Ct. Memo LEXIS 70; 4 T.C.M. (CCH) 909; T.C.M. (RIA) 45302; September 28, 1945
*70 Luther Day, Esq., Thomas M. Harman, Esq., 1759 Union Commerce Bldg., Cleveland, O., and L. C. Weiss, C.P.A., 1356 Union Commerce Bldg., Cleveland, O., for the petitioners. Thomas F. Callahan, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: These proceedings involve income tax deficiencies determined to be due from the petitioners as follows: Docket
No.
Petitioner
Year
Deficiency
6191
Roger A. Black
1937
$5,054.01
1939
992.25
1940
6,797.78
1941
9,862.81
6192
Robert B. Black
1937
$4,333.51
1939
1,026.81
1940
5,569.18
1941
9,030.04
The principal question in issue is whether each petitioner is taxable upon the income of a trust which he created on August 12, 1935, with his father, Frank B. Black, as trustee, to be succeeded by the grantor as trustee upon the death of his father. Alternatively, it is contended that such part of the deficiency for 1937 as is based upon the income of the trust received prior to December 19, 1937, the date of the death of Frank B. Black, is barred from assessment and collection by the statute of limitations. [The Facts] The facts have all been *71 stipulated. The petitioners are brothers and residents of Mansfield, Ohio. They filed their income tax returns for the taxable years with the collector of internal revenue for the eighteenth district of Ohio, at Cleveland. In their returns petitioners did not include the income of the two trusts referred to above. The respondent has determined the deficiency by adding to the gross income of each petitioner the income of the trust created by him. The trusts were created, one by each petitioner, for the exclusive benefit of his children, including after-born children, with his father, Frank B. Black, as trustee. Upon the death of the father the grantor was to become the first successor trustee. The grantor retained no right to control the actions of the trustee and each trust was irrevocable and unamendable. The trustee had only such powers as might properly be exercised by a trustee. His father, Frank B. Black, died on December 19, 1937, and the grantor succeeded him as trustee. Upon the creation of the trust each petitioner transferred to the trustee 4,000 shares of Class A common stock of The Ohio Brass Co. On October 19, 1937, each petitioner transferred to the trustee an *72 additional 2,000 like shares and at the same time petitioners' father, Frank B. Black, and his mother, Jessie B. Black, each transferred to each trust 2,000 shares of the same stock, making the total trust corpus of each 10,000 shares. The trust income at all times has consisted exclusively of dividends paid on the above-referred to 10,000 shares. At all times since the inception of each trust separate accounting records have been maintained for the trust and all the trust income has been accounted for therein and shown as having been distributed currently. This is in accordance with the provisions of each trust instrument. Likewise, separate accounting records have been maintained for each of the beneficiaries and such records show that the trust income was distributed currently for the accounts of the beneficiaries and invested in municipal bonds which were at all times held, first, by petitioners' father as trustee, and, later, by each petitioner as successor trustee. All of the investments for each beneficiary have been held in a safety deposit box in which such bonds were segregated and labelled as to ownership as between beneficiaries. Income tax returns have been filed *73 each year for the beneficiaries of the income received for their benefit and Ohio property tax returns have likewise been filed for them and taxes paid thereon. Although each trust instrument provided that the income of the trust might be used in the discretion of the trustee for the support, maintenance and education of the beneficiaries, no part of the income has ever been used for that purpose. Each petitioner has used his own funds for such purpose. The entire income of the trust funds has been invested for the beneficiaries, except such portions thereof as have been used for the payment of income and other taxes payable by the beneficiaries. These cases are companion cases of Donald S. Black, another brother, who created a like trust for his children with Frank B. Black as trustee (promulgated September 19, 1945; 5 T.C. 759. Donald S. Black's trust was created by him on October 18, 1937. The trust instruments of all three trusts are substantially the same, and the trusts have been operated in the same manner. The provisions of the trust instruments are shown in great detail in the above-referred to report. They need not be repeated here. For reasons which we *74 have stated at length in the above-cited case, we hold that the petitioners are not taxable upon the income of the trust created by each on August 12, 1935. In view of this determination it is not necessary to consider the alternative contention of the petitioners that a part or all of the deficiency determined for 1937 is barred by the statute of limitations. Decisions will be entered under Rule 50.